# Gordon and Ronald Masters v. Elmer Stone and Sally Taylor Ryan

[367 A.2d 686]

No. 222-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 29, 1976

*Gavin A. Reid* of the office of *John Morale,* Wells River, for Plaintiffs.

*Glenn A. Jarrett* of *Downs, Rachlin & Martin,* St. Johnsbury, for Defendant Ryan.

**Barney, C.J.** This is a timber cutting dispute. The defendant Stone, in harvesting logs on the defendant Ryan's land, crossed onto the plaintiffs' property and took timber. Suit was brought, seeking treble damages under 13 V.S.A. § 3606. The defendant Stone was defaulted. The trial court made findings of fact and conclusions of law with respect to the defendant Ryan, and gave judgment against her, also. Both judgments were trebled.

The relevant statute reads:

> If a person cuts down, destroys or carries away any tree or trees placed or growing for any use or purpose whatsoever, or timber, wood, or underwood standing, lying or growing belonging to another person, without leave from the owner of such trees, timber, wood, or underwood, or cuts out, alters or defaces the mark of a log or other valuable timber, in a river or other place, the party injured may recover of such person treble damages in an action on this statute. However, if it appears on trial that the defendant acted through mistake, or had good reason to believe that the trees, timber, wood, or underwood belonged to him, or that he had a legal right to perform the acts complained of, the plaintiff shall recover single damages only, with costs.

The lower court found the defendant Stone to be an independent contractor. This conclusion is not seriously questioned by any party. That being so, this Court will make its adjudication on the basis of that proposition. As so frequently happens in the commercial world, this classification does not exactly fit into the usual timber cutting arrangement, which this seems to have been. In other such cases before this Court, these cutting contracts have actually amounted to sales of stumpage, the price being measured by the actual cutting. Other crops, such as standing hay, are frequently sold on a similar basis. However, we must take this case as it is presented.

The first question is whether the trebling of damages against defendant Ryan was within the authorization of the statute. We find it was not. It is the very concept of an independent contractor that distinguishes this case from *Lavalette* v. *Noyes*, 124 Vt. 353, 205 A.2d 413 (1964).

In that case one defendant, alleged to have joined with two others in a logging operation, was discharged on the basis of a finding that he had nothing to do with the logging job. A second defendant sought release on the basis that he, too, did not participate in the joint venture, but was only an employee. The evidence sustained a finding that he was joint participant in the logging venture to the point of being liable as a principal in the trespass.

The statute is directed against persons cutting down trees belonging to another person. Under the *Lavalette* case, this liability is extended to one who engages in such logging activity as a principal, even though he may not have personally felled a tree. But it does not reach those only secondarily or vicariously involved. The sale of cutting rights only to timber on her own property does not operate to make her a principal trespasser on another's land because the "independent contractor" operator cut over the line.

The question then becomes whether or not defendant Ryan is liable to the plaintiffs at all. The lower court allocated liability against her on two bases: (1) on a finding that she was negligent in failing to fully ascertain the extent of defendant Stone's knowledge of her boundaries; (2) on a theory of ratification, since the defendant Ryan received stumpage money based on cuttings on the plaintiffs' land and had not repaid it at the time of suit.

A brief review of the facts is helpful on the negligence issue. Defendant Ryan is a Groveton, New Hampshire, resident. The properties involved are in Maidstone, Vermont. The plaintiffs live in Manchester, New Hampshire. The land of Mrs. Ryan came to her by deed in 1967 from her father. One lot is known as the Bear Hill lot and the other as the Home Farm, consisting of some 450 acres. After defendant Stone logged the Bear Hill lot, he approached Mrs. Ryan to see if she would let him cut the Home Farm. This was in late 1973 or early 1974. Mrs. Ryan had not been on the part of the prop-

erty adjoining plaintiffs for some four or five years, and had never been to the boundary, an old stone wall. She asked Stone if he knew the boundaries of the Home Farm, and accepted his statement that he did. She had known Stone for over twenty years as a logger in the area. She had no knowledge of where Stone was cutting on her property while the operation was going on.

From this the lower court concluded that defendant Ryan was negligent in not making certain that the loggers knew the boundaries of her property, and that her duty in that particular was not discharged by a mere inquiry. The trial court held her negligent in not adequately checking the knowledge of defendant Stone as to the location of her property lines and in not seeing that the cutting was restricted to her property.

■ This is an action in trespass. Damages are recoverable, by the terms of 13 V.S.A. § 3606, even in the absence of negligence. The defenses listed are only to treble damages. The statute is either applicable to a defendant as a trespasser, or it is not. As we have already seen, under the statutory action, defendant Ryan does not qualify as a trespasser. Negligence has no part to play in consideration of the application of 13 V.S.A. § 3606.

■ So we must turn to the other basis on which the lower court hinged recovery, that of ratification. The fact that she did repay money to others whose land was cut upon must not turn us away from the fact that she did receive and retain stumpage that was based on timber from the plaintiffs' lot. Even though this may not amount to ratification so as to bring defendant Ryan under the treble damage statute, it does demonstrate that there has been a benefit to her by way of an unjust enrichment.

■ It is this that the defendant must repay the plaintiffs. It is an amount represented by the fair value of the stumpage for which she was paid. The lower court found as a fact that the worth of that stumpage was $3,000, a figure supported by the evidence and the other findings. However, the evidence is silent as to how much money was paid to the defendant Ryan by the defendant Stone representing stumpage money from the plaintiffs' land. The cause must be re-

manded for that determination and the preparation of a new judgment order in accordance with that evidence and this decision.

*The judgment, insofar as it applies to defendant Elmer Stone, is affirmed; the judgment in favor of the plaintiffs against the defendant Sally Ryan is reversed, and the cause is remanded for further proceedings consistent with the views expressed in the opinion.*